NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 23, 2014
Decided January 23, 2014

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 13-1775

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 11 CR 143-8 |
| SHANTA N. MADDOX, *Defendant-Appellant.* | Sharon Johnson Coleman, *Judge*. |

## O R D E R

Shanta Maddox and her coconspirators defrauded federally insured banks by stealing corporate checks from the mail, incorporating shell companies with names similar to those on the checks, opening bank accounts in the new corporations' names, and withdrawing cash or purchasing cashiers checks from those accounts or personal

accounts that they had hacked. Maddox pleaded guilty to bank fraud, 18 U.S.C. § 1344, and the district court sentenced her to 72 months in prison, well below the guidelines range of 130 to 162 months.

Maddox filed a notice of appeal, but her appointed counsel has concluded that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Maddox has not responded to counsel's submission. *See* CIR. R. 51(b). We review only the potential issues discussed in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002). Counsel has determined that Maddox does not wish to challenge her guilty plea, so he properly omits any discussion about the plea colloquy or the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel first considers whether Maddox could argue that the district court miscalculated her guidelines imprisonment range. The court rejected four objections that Maddox had made to the probation officer's proposed calculations, and we agree with counsel that an appellate challenge on any of those grounds would be frivolous.

First, Maddox objected to the probation officer's loss calculation of more than $400,000 and attendant 14-level increase under U.S.S.G. § 2B1.1(b)(1)(H). Maddox contended that only a 12-level increase was warranted under § 2B1.1(b)(1)(G) because, she said, her direct participation was limited to conduct involving $226,000 in losses. But the loss calculation includes all losses stemming from the reasonably foreseeable acts of others in furtherance of a jointly undertaken criminal activity even if the defendant was not directly involved in those acts. *See* U.S.S.G. §§ 1B1.3(a)(1)(B), 2B.1.1 cmt. n.3(A); *United States v. Sheneman*, 682 F.3d 623, 631 (7th Cir. 2012); *United States v. Salem*, 657 F.3d 560, 564 (7th Cir. 2011). We would not conclude that the district court clearly erred in finding that Maddox had participated in a joint criminal scheme led by one of her codefendants, Ishmon Walker, and properly attributed to Maddox the reasonably foreseeable acts of her coconspirators in that scheme. Beyond the losses that Maddox admitted at sentencing, the court attributed to her those stemming from actions of coconspirators she either recruited or supervised in opening bank accounts or cashing stolen checks.

Second, Maddox insisted that the district court should not apply a sophisticated-means adjustment because, although she conceded that the scheme itself involved sophisticated means, her involvement, she says, was not sophisticated. Under U.S.S.G. § 2B1.1(b)(10)(C) a defendant's offense level is increased by two when the crime

involved a sophisticated means of execution or concealment that made it "'notably more intricate than that of the garden-variety offense.'" *Sheneman*, 682 F.3d at 631–32 (quoting *United States v. Knox*, 624 F.3d 865, 871 (7th Cir. 2010)). The use of fictitious entities or corporate shells generally indicates a sophisticated means. *See* U.S.S.G. § 2B1.1 cmt. n.8(B); *United States v. Allan*, 513 F.3d 712, 715–16 (7th Cir. 2008). Although it is immaterial whether Maddox's individual actions could be characterized as sophisticated, *see United States v. Green*, 648 F.3d 569, 576 (7th Cir. 2011); *United States v. Wayland*, 549 F.3d 526, 529 (7th Cir. 2008), she personally employed sophisticated means by incorporating, and tutoring recruits to incorporate, companies with names similar to those on the stolen checks. *See Allan*, 513 F.3d at 715–16. Maddox then opened bank accounts in the new corporations' names, in which stolen checks were deposited. She also changed the mailing address on at least one personal bank account in a bank computer system so that bank statements would be sent to post office boxes rather than the victim, postponing detection. Thus, we would agree with the district court that a sophisticated-means adjustment was proper. *See Wayland*, 549 F.3d at 529; *United States v. Robinson*, 538 F.3d 605, 607–08 (7th Cir. 2008).

Third, Maddox argued that she should not receive an upward adjustment under U.S.S.G. § 3B1.1(b) for her role in the offense because, she insisted, two of the participants who swore she had supervised them were lying. A three-level upward adjustment can apply when a defendant helped manage or supervise even one member of an extensive criminal scheme by, for example, recruiting new participants or instructing other participants and determining whether they've completed tasks. U.S.S.G. § 3B1.1(b) cmt. n.2; *United States v. Zuno*, 731 F.3d 718, 723 (7th Cir. 2013); *United States v. Weaver*, 716 F.3d 439, 443 (7th Cir. 2013); *United States v. Figueroa*, 682 F.3d 694, 697 (7th Cir. 2012). Two participants, Rolanda Sivels and Jonathan Thomas, told investigators that Maddox had given them stolen corporate checks and taught them how to deposit those checks in fraudulently opened corporate accounts and then withdraw the proceeds, most of which Maddox kept. Other than Maddox's unsubstantiated accusation, there is no reason to think they were lying. Moreover, at sentencing Maddox admitted that she had recruited the two coconspirators indispensable to the scheme: a bank insider, Tawana Warren-Turner, and the source of the stolen corporate checks, Yvonne Williams. And codefendant Walker testified that Maddox also had recruited an accountant to help prepare the incorporation documents which Maddox filed with the Secretary of State. Therefore, the court could not have erred in finding that Maddox held a managing role in the bank-fraud scheme. *See United States v. Watts*, 535 F.3d 650, 660 (7th Cir. 2008); *United States v. Dillard*, 43 F.3d 299, 307–08 (7th Cir. 1994).

Fourth, Maddox maintained that she qualified for a three-level reduction for acceptance of responsibility. A defendant's offense level is decreased by two "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense" and by another level only "upon motion of the government." U.S.S.G. § 3E1.1(a)–(b). The government made no such motion. The district court ultimately awarded no reduction, concluding that, despite her guilty plea, Maddox's demeanor and testimony during the sentencing hearing demonstrated that she had not accepted responsibility for her actions, a credibility determination that we would not disturb on appeal. *See United States v. Block*, 705 F.3d 755, 760 (7th Cir. 2013). In addition, Maddox had falsely denied her supervisory role over Sivels and Thomas and her responsibility for losses stemming from the acts of the participants she recruited into the scheme. *See* U.S.S.G. § 3E1.1 cmt. n.1(A); *United States v. Ghiassi*, 729 F.3d 690, 698 (7th Cir. 2013); *United States v. Hacha*, 727 F.3d 815, 818 (7th Cir. 2013).

Finally, counsel considers but rejects as frivolous a challenge to the reasonableness of Maddox's prison sentence. Counsel has not identified any reason to set aside the presumption of reasonableness applicable to sentences below the guidelines range. *See United States v. Howard*, 729 F.3d 655, 665 (7th Cir. 2013); *United States v. Curtis*, 645 F.3d 937, 943 (7th Cir. 2011). Before imposing sentence the district court looked to 18 U.S.C. § 3553(a) and discussed Maddox's difficult early childhood, her efforts to seek legitimate employment to support her daughters, and her unemployment at the time of the offense. Maddox's intelligence and history of similar frauds, the court reasoned, counseled in favor of a more severe sentence. But the court determined that a below-guidelines sentence was warranted because many of Maddox's codefendants had received "very light sentences." Thus, any challenge to the reasonableness of her sentence would be frivolous.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.